GONZÁLEZ BROTHERS, APPELLANTS, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Contract of Lease.

No. 471.—Decided January 21, 1921.

RECORD OF TITLE—LEASE—EXTENSIONS—EXPRESS AGREEMENT.—A deed of lease for three years to expire on December 31, 1917, another dated June 14, 1916, extending the contract until December 31, 1920, and another dated June 27, 1918, extending it finally to December 31, 1923, were presented in the registry for record, it being alleged that the contracts taken together covered a period of nine years. The decision refusing to make the record for lack of an express agreement of the parties having been appealed from, *Held:* That the decision must be sustained because none of the extensions of the lease embraced a period of six years from the dates of the two successive extensions.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the appellants.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

On May 27, 1920, the partnership González Brothers requested the Registrar of Property of San Juan, Second Section, to record a certain contract of lease of a rural property, accompanying therewith other deeds.

Record of said deed of lease was refused by the registrar, it being for a period less than six years, and because the same did not contain the express consent of the parties as provided in paragraph 5 of section 2 of the Mortgage Law; and he also refused the record of the two deeds of extension, inasmuch as the original deed of lease had not been previously recorded.

It is alleged by the appellants that the registrar erred in not examining the deeds as a whole; that they were for a single period of nine years and therefore recordable.

The first deed of extension was executed on June 14, 1916, and contained the agreement that the lease should be extended for three years to expire December 31, 1920. The lease, as shown by the deed of January 14, 1915, was to begin January 1, 1915, and to end December 31, 1917. On June 27, 1918, another extension of the original lease was granted to expire on December 31, 1923. Each one of the extensions is spoken of as terminating on the last day of December of 1920 and 1923, respectively.

We do not see that the parties have ever shown their intention of making a lease for nine years. It is necessarily admitted that the first lease was only for three years. At the execution of the lease of extension, June 14, 1916, the remaining period of the lease and its extension amounted to four and one-half years. Likewise the second extension of June 27, 1918, was only to the effect that the lease and the extension were to begin to run from that date to December

31, 1923, therefore lacking some months to complete the six years, which is the minimum limit fixed by the Mortgage Law when no express consent exists between the parties.

We think that no deed was ever presented to the registry that on the date of its execution had in view a future contract of lease for a period of six years.

The rulings of the registrar should be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.